### Carlton LEWIS, Appellant,

v.

### DISTRICT OF COLUMBIA DEPARTMENT OF MOTOR VEHICLES, Appellee.

### No. 08–CV–1326.

District of Columbia Court of Appeals.

Submitted Dec. 2, 2009.

Decided Jan. 28, 2010.

Donald M. Temple, Washington, DC, for appellant.

Peter J. Nickles, Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, Donna M. Murasky, Deputy Solicitor General, and Carl J. Schifferle, Assistant Attorney General, were on the brief for appellee.

Before RUIZ and KRAMER, Associate Judges, and NEBEKER, Senior Judge.

RUIZ, Associate Judge:

Appellant, Carlton Lewis, appeals the Superior Court's dismissal, for lack of standing, of his complaint claiming that he was wrongfully discharged for refusing to enforce the District of Columbia's automatic traffic enforcement statute, which he considers unconstitutional. For the reasons that follow, we affirm the judgment of the Superior Court.

**I.**

Carlton Lewis was a hearing examiner for the District of Columbia Department of Motor Vehicles Adjudication Services. He was terminated by the Department of Motor Vehicles ("DMV") for "inexcusable neglect of duty" after he consistently dismissed speeding tickets generated by the District's Automated Traffic Enforcement ("ATE") system. The ATE system is based on "equipment that takes a film or digital camera-based photograph which is linked with a violation detection system that synchronizes the taking of a photograph with the occurrence of a traffic violation." D.C.Code § 50–2209.01(a) (2001). Lewis refused to follow a statutory provision that "[r]ecorded images taken by an automated traffic enforcement system are prima facie evidence of an infraction and may be submitted without authentication," D.C.Code § 50–2209.01(b) (2001), contending that a single ATE photograph does not permit an inference that a moving violation has occurred and that the statute does not satisfy due process rights to present evidence and cross-examine witnesses, or comport with the requirement that the government must prove moving violations by "clear and convincing evidence." D.C.Code § 50–2302.06(a) (2001).

Lewis appealed the DMV's determination to the Office of Employee Appeals ("OEA"), which sustained the termination, concluding that appellant "blatantly disregarded the law by refusing to impose sanctions in the ATE cases before him." Lewis then filed an action in the Superior Court, titling it "Petition for Relief from Office of Employee Appeals and Civil Complaint for Damages and Declaratory Judgment." Pursuant to a stipulation of the parties, the Superior Court bifurcated the case and stayed the civil complaint pending resolution of the petition for review of the OEA decision. On March 29, 2006, the Superior Court affirmed the OEA decision. Lewis subsequently appealed the Superior Court's decision, but his appeal was dismissed for failure to file a brief and appendix. *See* Order, *Lewis v. District of Columbia,* No. 06–CV–675 (D.C. Sept. 21, 2006).

Before his appeal was dismissed, Lewis filed a second amended complaint in the

civil action on May 15, 2006, which alleged that he had been "wrongfully terminated" for his failure "to enforce an unconstitutional statute." The first two counts of the complaint—"wrongful termination" and "violation of due process under 42 U.S.C. § 1983"—sought compensatory damages and attorney's fees for his termination and the third count sought an order declaring the ATE statute unconstitutional. On September 11, 2008, the Superior Court dismissed the complaint. The trial court concluded that the ATE statute is constitutional and that, in any case, Lewis lacked standing to challenge it. The trial court did not specifically address the wrongful termination counts of the complaint, but there is no question that these counts were dismissed as well. Lewis is now appealing the dismissal of his civil complaint.

We affirm the trial court's dismissal of the complaint not because appellant lacks standing to challenge the constitutionality of the ATE statute in the context of his claim that he was wrongfully terminated-an issue we need not reach-but because once he abandoned judicial review of the OEA decision to terminate him, appellant was precluded from filing a separate legal action challenging his termination. As this was the only injury claimed that could have provided a basis for standing to request a declaratory judgment on the ATE statute's constitutionality, all counts of the complaint were properly dismissed.

## II.

 Lewis's complaint claimed that the DMV wrongfully discharged him in violation of public policy, a claim we have recognized as a narrow exception to the common law doctrine of at-will employment. *See, e.g., Carl v. Children's Hosp.,*

702 A.2d 159, 163 (D.C.1997) (en banc) (Terry, J., concurring) ("[T]he recognition of any public policy exception to the at-will doctrine must be solidly based on a statute or regulation that reflects the particular public policy to be applied, or (if appropriate) on a constitutional provision concretely applicable to the [employer's] conduct."). Even if we assume that appellant's reason for not enforcing the ATE statute came within the public policy exception,[1] appellant could not make this claim in the context of a civil action. Under the Comprehensive Merit Personnel Act ("CMPA"), D.C.Code § 1–601.01 *et seq.* (2001), such common law claims are preempted and appellant's sole recourse to challenge his termination was by appeal to the OEA, with judicial review by the Superior Court, *see* D.C.Code § 1–606.03(d) (2001), and ultimately, by this court applying principles of administrative review. *See Raphael v. Okyiri,* 740 A.2d 935, 945 (D.C.1999). "[A]n employee of the District of Columbia must bring to an administrative tribunal, not the Superior Court, any complaint 'arising out of employer conduct in handling . . . adverse actions.'" *Lattisaw v. District of Columbia,* 905 A.2d 790, 793 (D.C.2006) (quoting *District of Columbia v. Thompson,* 593 A.2d 621, 635 (D.C.), *cert. denied,* 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991)). But Lewis abandoned that course and instead pursued an original civil complaint, improperly using the Superior Court as an "alternative forum" to challenge the agency's adverse action. *See id.* Accordingly, the Superior Court had no jurisdiction to address the first two counts in his civil complaint, which related to his termination by the DMV. *See id.* (citing *White v. District of Columbia,* 852 A.2d 922, 925 (D.C.2004)).[2]

---

1. Appellant was not an at-will employee, and was dismissed for "cause," *i.e.,* for "inexcusable neglect of duty" by failing to follow the dictates of the ATE statute. We have no

doubt that a termination that violates public policy cannot constitute good cause.

2. The only exception we have recognized to date is for claims arising under the District of

## III.

██ The remaining count in Lewis's complaint requested a declaratory judgment on the constitutionality of the ATE statute.

 Whether appellant has standing to challenge the ATE statute's constitutionality is a question of law which we consider on appeal *de novo. Randolph v. ING Life Ins. & Annuity Co.,* 973 A.2d 702, 705 (D.C.2009). "[W]e are not limited to reviewing the legal adequacy of the grounds the trial court relied on for its ruling; if there is an alternative basis that dictates the same result, a correct judgment must be affirmed on appeal." *Id.* (quoting *Nicola v. Washington Times Corp.,* 947 A.2d 1164, 1176 n. 9 (D.C.2008)).

 "[S]tanding requirements are met when a party demonstrates (1) an injury in fact, (2) a causal connection between the injury and the conduct of which the party complains, and (3) redressability, *i.e.,* that it is likely that a favorable decision will redress the injury." *Riverside Hosp. v. District of Columbia Dep't of Health,* 944 A.2d 1098, 1104 (D.C.2008) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) (internal quotation marks omitted).[3] The only injury Lewis's complaint claims in connection with the alleged unconstitutionality of the ATE statute is his termination by the DMV for failing to implement the statute's provision that a single photograph is *prima facie* evidence of a specific violation. Therefore,

even if appellant had standing to challenge the constitutionality of the ATE statute in the context of his claim that he was wrongfully terminated, the only avenue for judicial review of the agency's decision was pursuant to the exclusive provision of the CMPA, which came to an end when the appeal was dismissed on September 21, 2006. Without a legally cognizable injury that the court has power to redress, appellant has no standing to pursue the declaratory judgment action.

For the foregoing reasons, the judgment of the trial court dismissing the complaint is hereby

*Affirmed.*

---

Columbia Human Rights Act. *See Lattisaw,* 905 A.2d at 794 n. 6 (citing *King v. Kidd,* 640 A.2d 656 (D.C.1993)). No such claim is presented here. Appellant argued in the trial court that the relief he requested under § 1983 alleging that he was terminated in violation of due process was not available under the CMPA, and therefore was not precluded by the trial court's affirmance of the OEA decision. Appellant has not presented this argument on appeal and we do not ad-

dress it. *See White,* 852 A.2d at 927 (noting that "[a]n exclusive remedy does not lose its exclusivity upon a showing that an alternative remedy might be more generous").

3. We generally "look to federal jurisprudence to define the limits of 'cases and controversies' that our enabling statute empowers us to hear." *Cmty. Credit Union Servs., Inc. v. Fed. Express Servs. Corp.,* 534 A.2d 331, 333 (D.C. 1987).