**Linda Christine SUN, Appellant**

v.

**DISTRICT OF COLUMBIA GOVERNMENT, et al.,**
**Appellees**

**No. 16-7032**
**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed On: February 14, 2017

Linda Christine Sun, Pro Se

Loren L. AliKhan, Deputy Solicitor General, Stacy Anderson, Assistant Attorney General, Todd Sunhwae Kim, Solicitor General, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, Defendants-Appellees

BEFORE: Henderson, Brown, and Pillard, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, it is

**ORDERED AND ADJUDGED** that the district court's orders filed September 30, 2015 and March 15, 2016 be affirmed.

Summary judgment on appellant's Title VII claim was proper. Appellees offered

legitimate, nondiscriminatory reasons for appellant's termination. Appellant has failed to produce evidence sufficient for a reasonable jury to find that the asserted reasons were not the actual reasons, and that appellees intentionally discriminated against her. See Fischbach v. D.C. Dep't of Corrections, 86 F.3d 1180, 1182-83 (D.C. Cir. 1996); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Because the McDonnell Douglas framework also applies to claims under 42 U.S.C. § 1981 and the D.C. Human Rights Act, summary judgment on those claims was also proper. See Brown v. Sessoms, 774 F.3d 1016, 1022 (D.C. Cir. 2014); Vatel v. Alliance of Auto. Mfrs., 627 F.3d 1245, 1246 (D.C. Cir. 2011). Similarly, the District of Columbia Whistleblower Protection Act "adopts a burden-shifting scheme that in some ways parallels federal Title VII jurisprudence," and the district court properly granted summary judgment on that claim because appellant failed to "come forward with credible evidence showing that the legitimate, independent reason the defendant offered was pretext for an actual, discriminatory motive or did not actually motivate the challenged personnel action." Bowyer v. D.C., 793 F.3d 49, 52 (D.C. Cir. 2015).

Turning to appellant's claim of wrongful termination in violation of public policy, the parties now agree that appellant was not an at-will employee. Thus, the common law claim of wrongful termination in violation of public policy is unavailable, and the District of Columbia Comprehensive Merit Personnel Act provides her sole remedy. See Lewis v. D.C. Dept. of Motor Vehicles, 987 A.2d 1134, 1137 (D.C. 2010).

With respect to appellant's claim of intentional infliction of emotional distress, the district court correctly held that the conduct alleged was insufficiently "ex-treme and outrageous" to support such a claim. Cf. Joyner v. Sibley Memorial Hosp., 826 A.2d 362, 373 (D.C. 2003).

Finally, appellant raises on appeal several procedural challenges to the jury trial on her assault claim. However, it is unclear whether any of these challenges was properly raised before the district court, and appellant has not provided a sufficient record on which this court may review any relevant district court rulings. See United States v. Stover, 329 F.3d 859, 872 (D.C. Cir. 2003); Fed. R. App. P. 10(b)(2).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.